UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
ROBERTO DIAZ,                                             :
                                                          :
                          Movant,                         :        ORDER TO AMEND
                                                          :
        -against-                                         :        13 Civ. 2743 (JGK)
                                                          :        11 Cr. 0474 (JGK)
                                                          :
UNITED STATES OF AMERICA,                                 :
                                                          :
                          Respondent.                     :
                                                          :
----------------------------------------------------------X

JOHN G. KOELTL, United States District Judge:

        Roberto Diaz ("the Movant"), currently incarcerated at the Federal Correctional

Institution in Fort Dix, New Jersey, brings this *pro se* motion under 28 U.S.C. § 2255

challenging the legality of his sentence entered in *United States v. Diaz*, No. 11 Cr. 0474 (JGK)

(S.D.N.Y. May 31, 2012).  For the following reasons, the Court directs the Movant to file an

amended motion within sixty days of the date of this order as detailed below.

## STANDARD OF REVIEW

        A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his

conviction and sentence on many grounds, including that it is in violation of the United States

Constitution or United States law.  28 U.S.C. § 2255.  Under Rule 4(b) of the Rules Governing

§ 2255 Proceedings, the Court must review and dismiss a § 2255 motion before directing an

answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior

proceedings that the moving party is not entitled to relief. . . ."  Rules Governing § 2255

Proceedings, Rule 4(b) ("Habeas Rules"); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000).

 The Court must construe *pro se* pleadings liberally, however, and interpret them "to raise the

strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474–75 (2d Cir. 2006) (per curiam) (citations omitted); *see Green v. United States*, 260 F.3d 78,

83 (2d Cir. 2001).  Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant

rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)

(quoting *Birl v. Estelle*, 600 F.2d 592, 593 (5th Cir. 1981)).

## BACKGROUND

The Movant pleaded guilty to one count of conspiracy to distribute and possess with

intent to distribute heroin, 21 U.S.C. § 846, and was sentenced principally to 121 months

imprisonment. *United States v. Diaz*, No. 11 Cr. 0474 (JGK) (S.D.N.Y. May 31, 2012).  The

Movant briefly alleges four grounds for relief and attempts to "reserve the right to amend this

motion" and each ground for relief.  (Mot. under § 2255 at 5–6, 8–9, ECF No. 1.)  He has also

applied for an extension of time to file a memorandum of law in support of his § 2255 motion.

(Mot. for Extension, ECF No. 2.)

## DISCUSSION

Rule 2(b)(2) of the Habeas Rules specifies that a motion under § 2255 must state the

facts supporting each ground for relief.  Rule 12 of the Habeas Rules provides that the Federal

Rules of Civil Procedure may apply to § 2255 proceedings to the extent that they are not

inconsistent with the Habeas Rules or § 2255 itself.  *Cf. Day v. McDonough*, 547 U.S. 198, 207

(2006) (discussing petitions under § 2254).  Under Federal Rule of Civil Procedure 15, the Court

"should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).

When a § 2255 motion is amended after the limitations period has run, Rule 15(c) of the

Federal Rules of Civil Procedure applies.  *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804,

814–16 (2d Cir. 2000) (holding that Rule 15(c) applies to amended petitions under § 2254 and

noting that "Sections 2254 and 2255 are generally seen as *in pari materia*").  Under Rule 15(c), a

late amendment "relates back" to the date of the original motion if "the amendment asserts a

claim or defense that arose out of the conduct, transaction, or occurrence set out –or attempted to

be set out–in the original pleading. . . ."  Fed. R. Civ. P. 15(c)(1)(B).

Absent special circumstances, the one-year limitations period for a motion under § 2255

begins running on the date that the movant's "judgment of conviction becomes final."  28 U.S.C.

2

§ 2255(f)(1).  If a movant does not directly appeal the underlying federal conviction, the § 2255(f)(1) limitations period begins running upon expiration of the fourteen-day period for filing an appeal.  *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam); *see Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (holding that the time to file a motion under § 2254 begins to run after the time to file direct appeal has expired if the petitioner has not filed a direct appeal).

The Movant's allegations in support of his grounds for relief are sparse; for that reason, his motion does not comply with Rule 2(b) of the Habeas Rules.  Unless the Movant alleges facts in support of his § 2255 motion, the Respondent cannot file a meaningful answer, and the Court will not order the Respondent to file any such answer.  Rather, the Movant is granted leave to file an amended motion within sixty days of the date of this order.  The amended motion should allege facts in support of each ground for relief that the Movant asserts.

The Movant did not file a direct appeal of the Court's May 31, 2012 judgment against him; therefore, the one-year limitations period for a § 2255 motion began to run on June 15, 2012.  Absent circumstances warranting equitable tolling, the limitations period will expire on June 15, 2013.  Therefore, if the amended motion is filed after June 15, 2013, newly alleged facts will  "relate back" to the date the original motion was filed only if the original motion gave the Respondent fair notice of the newly alleged claims.  The Movant will avoid this procedural hurdle if he files his amended motion before June 15, 2013.

## CONCLUSION

The Movant is directed to file an amended motion under 28 U.S.C. § 2255 alleging facts in support of each of his grounds for relief.  The Movant must caption the new motion as an "Amended Motion," label the motion with docket numbers 13 Civ. 2743 (JGK) and 11 Cr. 0474 (JGK), and submit the motion to the Court's *Pro Se* Office within sixty days of the date of this order.  The form that the Movant should use for his amended motion is attached to this order. His Motion will be denied If the Movant fails to submit his amended motion within the time

allowed, and he cannot show good cause to excuse such failure.

This Order terminates the motion for extension of time pending at ECF No. 2.

Because the Movant has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that an appellant demonstrates good faith when the appellant seeks review of a nonfrivolous issue).

SO ORDERED:


_____/s/_____
JOHN G. KOELTL
United States District Judge


Dated:  May 21, 2013
         New York, New York

4

**AMENDED**                                                        Page 1

# Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1.  To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court.  You are asking for relief from the conviction or the sentence.  This form is your motion for relief.

2.  You must file the form in the United States district court that entered the judgment that you are challenging.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7.  In this motion, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8.  When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

    Clerk, United States District Court for <u>Southern District of New York</u>
    Daniel Patrick Moynihan US Courhouse 500 Pearl Steet
    New York, New York 10007-1312

9.  <u>CAUTION:</u> **You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. <u>CAPITAL CASES:</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

**AMENDED**

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
|---|---|
| Name (under which you were convicted): | Docket or Case No.: |
| Place of Confinement: | Prisoner No.: |
| UNITED STATES OF AMERICA | Movant (Include name under which you were convicted) |
| v. | |

## MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____

_____

_____

_____

    (b) Criminal docket or case number (if you know): _____

2.  (a) Date of the judgment of conviction (if you know): _____

_____

    (b) Date of sentencing: _____

3.  Length of sentence: _____

4.  Nature of crime (all counts): _____

_____

_____

_____

_____

5.  (a) What was your plea? (Check one)

    (1)   Not guilty ❑            (2)   Guilty ❑            (3)   Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count

    or indictment, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

6.  If you went to trial, what kind of trial did you have? (Check one)        Jury ❑        Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ❑      No ❑

8.  Did you appeal from the judgment of conviction?      Yes ❑      No ❑

9.  If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ❑   No ❑

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions,

petitions, or applications concerning this judgment of conviction in any court?

Yes ❑   No ❑

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6)  Did you receive a hearing where evidence was given on your motion, petition, or

application?     Yes ❏  No ❏

(7)  Result: _____

(8)  Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1)  Name of court: _____

(2)  Docket or case number (if you know): _____

(3)  Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6)  Did you receive a hearing where evidence was given on your motion, petition, or

application?     Yes ❏  No ❏

(7)  Result: _____

(8)  Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1)  First petition:     Yes ❏  No ❏

(2)  Second petition:   Yes ❏  No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

GROUND ONE: _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑   No ❑

   (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑   No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

_____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

_____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____ _____ _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____


**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏  No ❏

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c)  **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏  No ❏

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑   No ❑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ❑ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ❑ No ❑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
bar your motion.*_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period
shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in
violation of the Constitution or laws of the United States is removed, if the movant was
prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if
that right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been
discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: _____

_____

_____

or any other relief to which movant may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct

and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____

_____ (month, date, year).


Executed (signed) on _____ (date).


_____

Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not

signing this motion. _____

_____

_____


IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *