UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ROBERTO DIAZ,

              Petitioner,          13-CV-2743 (JGK)
                                    11-CR-474 (JGK)

      - against -

UNITED STATES OF AMERICA,          MEMORANDUM OPINION AND
                                      ORDER

              Respondent.
_____

JOHN G. KOELTL, District Judge:

On July  20, 2015, petitioner Roberto Diaz, incarcerated at the Joint Base MDL, in New Jersey, filed a *pro se* motion to "reopen" a previously withdrawn petition for federal habeas corpus under 28 U.S.C. § 2255. For the reasons that follow, the petitioner's motion is denied.

The petitioner pleaded guilty on September 23, 2011, to one count of conspiracy in violation of 21 U.S.C. § 846 to distribute and possess with intent to distribute 1 kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The Court sentenced the petitioner principally to 121 months imprisonment, a sentence within the Sentencing Guidelines, and the judgment was entered on May 31, 2012. Thereafter, in view of the revised Sentencing Guideline Range, by order dated July 8, 2015, the Court reduced the petitioner's sentence of imprisonment to 120 months pursuant to 18 U.S.C. § 3582(c)(2).

On April 22, 2013, the petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 ("Initial Petition"). Dkt. 13-cv-2743, Doc. 1. The petitioner amended his motion on July 18, 2013, providing additional support for his motion to vacate his conviction. Id., Doc. 5, at 1. On August 27, 2014, after receiving the Government's response to his petition, the petitioner wrote a letter to the Court, withdrawing his § 2255 application, "concluding that [his] chances of receiving a sentence below the 120-month term of imprisonment [were] 'very slim.'" Dkt. 13-cv-2743, Doc. 34. This Court ordered that the petition be dismissed without prejudice as withdrawn on September 5, 2014. Id.

On July 20, 2015, the petitioner requested that his petition pursuant to 28 U.S.C. § 2255 be reopened ("Current Motion"). Diaz contends that his guilty plea and conviction were not supported by evidence because he did not have one kilogram of heroin when he was arrested. Diaz argues that the lawyer who advised him to plead guilty failed to investigate the quantity of the drugs and provided ineffective assistance of counsel. Dkt. 13-cv-2743, Doc. 35, at 2. Diaz appears to want to modify his plea so that the Court may resentence the defendant as though he conspired to distribute a lesser amount of heroin. Id. The gist of Diaz's argument is that the Government did not have enough evidence that he possessed one kilogram of heroin, and

2

that a mandatory minimum sentence of 25 years imprisonment if
Diaz decided not to plead guilty was not possible.[1]

### A.

The threshold issue is whether the Current Motion seeking
to "reopen" the Initial Petition is a successive petition.
"[R]eaching the merits of an uncertified second or successive
§ 2255 petition impermissibly circumvents the AEDPA's
gatekeeping provisions." Corrao v. United States, 152 F.3d 188,
191 (2d Cir. 1998); see also Mateo v. United States, No. 10-cv-
5129, 04-cr-1229 (JGK), 903 F. Supp. 2d 282, 285 (S.D.N.Y.
2012). If the petitioner's Current Motion is a second attempt to
seek habeas review, rather than reaching the merits of the
petition or dismissing the petition as successive or time-
barred, this Court must transfer the motion to the Court of
Appeals pursuant to 28 U.S.C. § 1631. See Mateo, 903 F. Supp. 2d
at 285.

The Court of Appeals for the Second Circuit has concluded
that where a *pro se* petitioner withdraws a § 2255 petition, the

---

[1] Pursuant to the plea agreement, the petitioner pleaded guilty to the single
count that provided a mandatory minimum sentence of ten years imprisonment
pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The Government
agreed not to file a prior felony information that would have increased the
mandatory minimum sentence to twenty years imprisonment. Moreover, the
Government agreed not to add a firearms offense that would have entailed a
mandatory minimum consecutive sentence of five years imprisonment pursuant to
18 U.S.C. § 924(c). See 13-cv-2743, Doc. 30-6, at 2 (Antioco Aff. dated May
16, 2014).

withdrawn petition may count for successive purposes "at least where the reasons for withdrawal are reasonably discernible." Thai v. United States, 391 F.3d 491, 495 (2d Cir. 2004). "[I]f a petitioner clearly concedes upon withdrawal of a § 2255 petition that the petition lacks merit, the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive under AEDPA." Id.

Here, the circumstances of Diaz's withdrawn Initial Petition do not provide a clear indication that Diaz regarded the Initial Petition as meritless when he moved to withdraw it. See id. at 496. Diaz acknowledged that it was unlikely that even if relief were granted that he would receive a sentence below a 120-month term of imprisonment. Dkt. 13-cv-2743, Doc. 34. The fact that Diaz withdrew the Initial Petition after the Government filed a response is not determinative. See id. Given that Diaz was proceeding *pro se*, it is likely he did not realize the consequences the withdrawal would have on his ability to seek habeas relief. See id. Thus, the circumstances of this case do not warrant an inference that Diaz's withdrawal amounted to a concession that the Initial Petition was meritless. See id. Because it is unclear whether Diaz intended to withdraw the Initial Petition as meritless and taking into account Diaz's *pro se* status, the Current Motion to "reopen" the Initial Petition is not deemed a successive motion for AEDPA purposes.

4

The motion nevertheless fails because it is time barred. The petitioner's Current Motion to "reopen" his case was filed outside the one-year statute of limitations under AEDPA. A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(f); see also Holmes v. United States, No. 09-cr-126, 14-cv-6626 (JGK), 2014 WL 6879061, at *1 (S.D.N.Y. Dec. 5, 2014).

A judgment of conviction is final under § 2255 after direct appeals have been exhausted. But under AEDPA, when a judgment is unappealed, the judgment becomes final when the time for filing the direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), a defendant's notice of appeal must be filed within 14 days after the entry of the judgment. Under Federal Rule of Appellate Procedure 26(a)(1), the days are computed by excluding the date of the event that triggers the period and including all Saturdays, Sundays, and

legal holidays. The judgment in this case was entered on May 31, 2012, and Diaz did not file a notice of appeal. Therefore, for the purposes of AEDPA, the judgment of conviction became final and the one-year statute of limitations under AEDPA began to run when the time to appeal expired: June 14, 2012. See Moshier, 402 F.3d at 118. The one year statute of limitations under AEDPA expired on June 14, 2013.

The petitioner's Initial Petition, filed on April 22, 2013, was timely. That petition remained pending until September 5, 2014, the date this Court dismissed the petition without prejudice after the petitioner requested to withdraw it. The petitioner's motion to "reopen" his petition was filed on July 20, 2015 — well outside the one-year limitations period under AEDPA. Dkt. 13-cv-2743, Doc. No. 35. The Government argues that the petition is therefore time barred. The Government contends that the Current Motion is untimely because the Initial Petition seeking federal habeas review did not toll the limitation period. There is some dicta to support that contention. See Weaver v. United States, 195 F.3d 123, 125 (2d Cir. 1999) ("It appears that no tolling provision exists for federal prisoners bringing collateral attacks on the judgment because a motion made by a federal prisoner under § 2255 *is* the relevant collateral attack on 'the pertinent judgment.'" (emphasis in the original)). Thus, although the Initial Petition was filed on

April 22, 2013, and remained pending until September 5, 2014,
the Initial Petition did not toll the statute of limitations. In
any event, even if the limitations period were tolled while the
Initial Petition was pending, the Current Motion is still
untimely. The Initial Petition was filed on April 22, 2013,
approximately 53 days before the end of the limitations period,
and dismissed September 5, 2014. The Current Motion was filed on
July 20, 2015, more than 10 months after the Initial Petition
was dismissed in September 2014, and thus far exceeded the
remaining 53 days that may have remained on the limitations
period. The Current Motion is therefore time barred under 28
U.S.C. § 2255(f).[2]

---

[2] The Government mentions the possibility of reading the petitioner's Current
Motion as an amendment or supplement to his Initial Petition under Federal
Rule of Civil Procedure 15(c), an argument the petitioner does not raise. The
Government, citing Warren v. Garvin, 219 F.3d 111 (2d Cir. 2000), contends
that the relation back doctrine does not apply because the initial habeas
petition was dismissed. In Warren, a timely filed petition was dismissed
without prejudice at the petitioner's request while the petitioner exhausted
state remedies. Id. at 112-13. The petitioner filed a second petition for
habeas relief one year and eight and half months later, arguing that the
second petition related back to the first petition under Rule 15. Id. at 113-
14. The Court of Appeals held that when a petition is dismissed there is no
pleading to which to relate back. Id. at 114. The second petition was
therefore untimely. Similarly here, the motion to reopen this case cannot
relate back to the Initial Petition because that petition was withdrawn and
dismissed by the Court. Thus, the Current Motion cannot be treated as having
been filed on the same day as the Initial Petition for purposes of the AEDPA
limitations period.

**B.**

Moreover, for purposes of completeness, it should be noted that the petitioner's current motion is without merit.

At the outset, the Government contends that the petitioner waived the right to challenge his conviction and sentence in the plea agreement. The plea agreement contained a waiver provision by which the petitioner agreed that that he would "not file a direct appeal[] nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241 . . . of any sentence within or below the Stipulated Guidelines Range of 121 to 151 months' imprisonment."

The Court of Appeals for the Second Circuit has explained that

> [i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.

United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993) (per curiam); see also United States v. Djelevic, 161 F.3d 104, 106-07 (2d Cir. 1998) (per curiam) (internal citation omitted); Czernicki v. United States, No. 01-cv-4311 (JGK), 270 F. Supp. 2d 391, 393 (S.D.N.Y. 2003); Henriquez v. United States, No. 03-cv-478, 99-cr-396 (DC), 2003 WL 21242722, at *1

(S.D.N.Y. May 29, 2003). The waiver, however, does not prevent a defendant from "seek[ing] relief from the underlying plea where the plea was not knowing and voluntary." United States v. Haynes, 412 F.3d 37, 39 (2d Cir. 2005) (per curiam); see also Almonte v. United States, Nos. 06-cr-460, 08-cv-1192 (DC), 2008 WL 2755818, at *2 (S.D.N.Y. July 14, 2008). Moreover, the waiver would not bar a claim of ineffective assistance of counsel directed at agreeing to the plea agreement itself. "To raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary . . . because the advice he received from counsel was not within acceptable standards." Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (internal citations and quotation marks omitted); see also Faife v. United States, No. 06-cr-0058, 10-cv-0401(JGK), 2010 WL 3912248, at *3 (S.D.N.Y. Sept. 22, 2010); Giraldo-Perez v. United States, No. 08-cv-7529 (JGK), 2009 WL 1492222, at *2-3 (S.D.N.Y. May 28, 2009).

The petitioner's motion fails on the merits because he waived his right to appeal or otherwise challenge his sentence. This Court conducted a thorough allocution, and specifically asked the petitioner whether he understood that he was giving up his right to appeal or to bring a habeas petition. See United States v. Rodriguez, No. 06-cv-10217 (DC), 2007 WL 1192280, at *3 (S.D.N.Y. Apr. 24, 2007). It is thus undisputed that the

petitioner knew he was waiving his right to appeal his conviction and sentence and to bring a collateral challenge. At the plea allocution, the Court explained the appeal and collateral challenge waiver to the petitioner. The petitioner confirmed that he understood. Thus, the petitioner's Current Motion fails on the merits because he waived his right to appeal or otherwise challenge his sentence.

The petitioner's Current Motion does not appear to argue that the waiver was ineffective. Nevertheless, in the Current Motion and the reply to the Government's opposition, the petitioner asks that this Court reach the merits of his motion despite the waiver and the procedural obstacles to his petition. The petitioner claims that his guilty plea was "not informed" because he did not receive lab reports showing the drug quantity and chemical analysis of the drugs in his possession at the time of the arrest. The petitioner argues that there is a lack of factual evidence to support his guilty plea. This contention has no merit.

The petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin. The offense of conspiracy to distribute or possessing with intent to distribute one kilogram or more of heroin requires the existence of a conspiracy or agreement and the petitioner's knowing participation in the conspiracy.  The

"amount of drugs is significant to the extent it was reasonably foreseeable . . . that the charged conspiracy involved the distribution" of one kilogram or more of heroin. See United States v. Dalisay, No. 03-cr-1305 (JGK), 2005 WL 1176115, at *10 (S.D.N.Y. May 17, 2005); see also United States v. Rawls, 393 F. App'x 743, 745 (2d Cir. 2010) (summary order).

The petitioner is bound by the statements he made while pleading guilty, and the Court "is entitled to accept a defendant's statements under oath at a plea allocution as true." See United States v. Maher, 108 F.3d 1513, 1521 (2d Cir. 1997). During the plea allocution, the petitioner admitted to having agreed with a coconspirator to distribute one kilogram or more of heroin. The petitioner does not dispute that he made those statements during the allocution. Instead he argues that the allocution was based on a misrepresentation by the Government, namely that the Government claimed to have recovered one kilogram of heroin from his possession. The plea transcript plainly shows that the Government proffered evidence of the drug quantity, never claiming to have found one kilogram in the petitioner's apartment. Rather, the Government said that the petitioner purchased heroin in Manhattan and that, at the time of the petitioner's arrest, the Government recovered approximately 200 glassine envelopes containing heroin from the petitioner's apartment. Subsequent to his arrest, the petitioner

11

consented to the search of his apartment where the Government recovered additional drugs and a firearm. The petitioner never disputed the drug quantity to which he was pleading guilty.[3]

The lab reports of the drugs recovered from the apartment may not reflect that the drugs in the petitioner's possession constituted more than one kilogram of heroin, but the Government was not required to prove that the petitioner himself possessed and distributed or possessed with intent to distribute one kilogram or more of heroin. The amount of drugs found in the petitioner's possession at the time of the arrest is not the same as the amount of drugs that were the object of the conspiracy. The petitioner was charged with and pleaded guilty to a conspiracy offense, one which did not require that the Government prove the petitioner's personal possession of one kilogram of heroin. Coupled with the petitioner's own admissions under oath, the evidence proffered by the Government during the plea allocution was sufficient to conclude that the petitioner was a member of a conspiracy to distribute or to possess with intent to distribute at least one kilogram of heroin. Therefore the petitioner's argument that there was no factual basis for the plea is without merit.

---

[3] This case does not present a situation where the defendant was convicted of an aggravated drug offense without having admitted to the statutory drug quantity that was charged in the indictment. See United States v. Gonzalez, 420 F.3d 111, 115-17, 124 (2d Cir. 2005) (vacating a plea where the defendant contested the drug quantity that was part of the drug conspiracy).

The petitioner's arguments that the plea allocution or the plea agreement was insufficient and that he should be "sentenced in accordance with the quantity of drugs that he possessed" therefore lack merit.

## C.

The petitioner also argues that his counsel at the time of his plea rendered ineffective assistance in connection with the plea agreement. The petitioner contends that his counsel did not investigate the drug quantity and took "no action" when the petitioner expressed concerns about the quantity of the drugs.

To establish a claim of ineffective assistance of counsel, the petitioner must show both that: (1) his counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time, and (2) that his counsel's deficient performance was prejudicial to his case. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Bunkley v. Meachum, 68 F.3d 1518, 1521 (2d Cir. 1995).

The petitioner cannot meet the first prong of this test merely by showing that his counsel employed poor strategy or made a wrong decision. Instead, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. In fact, there is a "strong

presumption" that defense counsel's performance fell within the
wide range of reasonable professional assistance, and "the
defendant bears the burden of proving that counsel's
representation was unreasonable under prevailing professional
norms and that the challenged action was not sound strategy."
Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (citing
Strickland, 466 U.S. at 688-89). To meet the second prong of the
Strickland test, the petitioner must show that "there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different.
A reasonable probability is a probability sufficient to
undermine confidence in the outcome." Strickland, 466 U.S. at
694. Where a defendant challenges a guilty plea on the basis of
alleged ineffective assistance of counsel, "the defendant must
show that 'there is a reasonable probability that, but for
counsel's errors, [the defendant] would not have pleaded guilty
and would have insisted on going to trial.'" United States v.
Hernandez, 242 F.3d 110, 112 (2d Cir. 2001) (per curiam)
(quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)); see also
Ottenwarde v. United States, No. 12-cv-6537 (JGK), 2013 WL
1242632, at *6-7 (S.D.N.Y. Mar. 28, 2013), appeal dismissed,
(June 28, 2013).

The petitioner's ineffective assistance of counsel claim is
without merit. The claim hinges on his argument that the plea

was invalid because there was insufficient evidence to support the plea. For the reasons discussed above, that argument fails. Moreover, the petitioner fails to show that his attorney's performance fell below an objective standard of reasonableness according to prevailing professional norms and that the attorney's conduct prejudiced the petitioner. See Strickland, 466 U.S. at 687-96.

The petitioner's counsel at the time of his plea[4] successfully negotiated with the Government to reduce the petitioner's possible exposure from a twenty-five year mandatory minimum sentence of imprisonment to a ten year mandatory minimum sentence of imprisonment. See n.1 supra. His counsel's advice to the petitioner to plead guilty was based on the petitioner's own admission that he had been dealing drugs for a year, his coconspirator's admissions that he had purchased bundles of heroin from the petitioner in the past, and the drugs found at the petitioner's apartment. Dkt. 13-cv-2743, Doc. 30-6, at 2-3. There is no showing that the advice was objectively unreasonable. Moreover, the petitioner does not argue that he should be allowed to withdraw his plea. Rather, he contends that despite having pleaded guilty to conspiracy to distribute and

---

[4] At the petitioner's request, the Court relieved the lawyer who represented the petitioner at the time of his plea and appointed new counsel in connection with the sentence. The petitioner has not raised any challenge with respect to his representation in connection with his sentence.

possess with intent to distribute one kilogram of heroin, he should be "sentenced in accordance with the quantity of drugs that he possessed." The petitioner thus fails to argue that were it not for his counsel's alleged errors he would not have pleaded guilty and would have instead proceeded to trial. For these reasons, the petitioner's ineffective assistance of counsel claim is without merit.

### CONCLUSION

The Court has considered all of the arguments of the parties. Any arguments not explicitly addressed above are either moot or without merit. For the foregoing reasons, the petitioner's motion to reopen is **denied**. The Clerk is directed to close all pending motions. Because the petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

**SO ORDERED.**

Dated:    New York, New York
          January 15, 2016

_____/s/_____

John G. Koeltl
United States District Judge

16